UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID A. MAROTTA,

        Plaintiff,

        -v-

OFFICER ALSTIN, OFFICER LAWRENCE,
G.J. KREMPASKY, Deputy Superintendent for Security,
MEDICAL STAFF, Groveland Correctional Facility,

        Defendants.

DECISION AND ORDER
11-CV-0691Sr



---

## **INTRODUCTION**

Plaintiff, David Marotta, currently an inmate of the Great Meadow Correctional Facility but who was an inmate at the Groveland Correctional Facility during the events giving rise to the allegations set forth in the complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 6). Plaintiff also requests the appointment of counsel which is denied at this time without prejudice.[1] Plaintiff's complaint and the various exhibits or documents filed with or subsequent to the complaint (Docket Nos. 7, 9-11) are, at times, disjointed and confusing and appear to claim, as best the Court can discern, that on July 19, 2011, defendant Correctional Officer Alstin made unwanted sexual comments to plaintiff in the law library and that the next day Alstin yelled to defendant Correctional Officer Lawrence to stop plaintiff in

---

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

the hallway on the pretext that plaintiff had contraband and then Alstin "grabb[ed] [plaintiff] 3 times in [his] balls" while Lawrence watched. (Docket No. 1, Complaint, at 5-6; and Attached Inmate Grievance Complaints.) An Inmate Grievance Complaint Form attached to the complaint, alleges that Officer Lawrence "sat and watch[ed] Officer Alstin use force on me and heard me say let go of my neck 3 times . . . ."

Plaintiff also alleges in the complaint and a handwritten document attached to the complaint that he has been denied medical care for stomach and intestinal problems. He claims that on March 10, 2011, he began having said problems and that after using the sick call protocols at Groveland there was no resolution. He continued to suffer daily from internal bleeding and acid reflux until the "pain increased so severely" that he was taken to Warsaw Hospital, where an MRI showed that he had suffered a mild stroke. He received treatment for the stroke and returned to Groveland with a recommendation from a physician at Warsaw Hospital that his diet be changed and he receive "acid medication" until further testing could be done. He claims that neither recommendation was followed and two weeks later he began suffering from chest pain again and returned to Warsaw Hospital, where he complained of burning where the "IV" was placed in his arm, which went untreated. He was released back to Groveland but returned to Warsaw Hospital a short time later for an infection in his right arm due to an improperly administered IV. He suffers from nerve damage and may require surgery.

The same handwritten attachment also alleges that he received a false Tier III Misbehavior Report related to the July 20, 2011 incident in which he claims he "got tired" of Alstin sexually assaulting him while Lawrence watched and he acted in self-defense. He claims that at the Hearing he was denied due process when he was not allowed to call witnesses and "denied his rights all

together and medical still denied me treatment and hurt every day too." A later filing entitled "Motion Amend Amendment" notes that the Superintendent's Hearing held on August 2, 2012, was reversed on October 4, 2011, and thus he was improperly keeplocked for 60 days. He claims he is bringing this claim against the Department of Correctional Services ("DOCS") and not against individual officers. (Docket No. 9.)[2]

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, some of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and unless plaintiff files an amended complaint as directed below, some of the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of

---

[2]The Court notes that this document ("Motion Amend Amendment" (Docket No. 9)) was filed on a Forme titled: "Notice of Intent to File a Claim" in the New York Court of Claims. The Court does not know if plaintiff simply used this Form because he did not have other paper to write his Motion Amend Amendment on or if he truly intended to file a Notice of Claim with the New York Court of Claims. Plaintiff is advised that if he intended to file a Notice of Claim with the New York Court of Claims he forwarded it to the wrong court and he needs to re-file the Notice of Claim with the New York Court of Claims. The document was received by this Court on October 26, 2011.

Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that some of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that some of plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below. The excessive force claim against Alstin and the failure to intervene claim against Lawrence may proceed at this time.[3] *See, e.g., McEachin v. McGuiniss,* 357 F.3d 197, 200 (2d

---

[3]In light of the procedural posture of this case, initial review pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b), the recitation of facts is drawn exclusively from plaintiff's complaint, the documents attached thereto and the documents filed thereafter, the contents of which must be accepted as true for purposes of this review. *See Erickson*,

4

Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

### A. Claims Against Groveland Medical Staff

In the caption of the complaint, plaintiff names on separate lines "Medical Staff" and "Groveland Correctional Facility," but it appears that plaintiff intended to name them as one defendant–Medical Staff, Groveland Correctional Facility. The Clerk of the Court is therefore directed to amend the official caption of this action to reflect that.

Assuming plaintiff intended to names as an "entity" or "unit" the Medical Staff at Groveland, the complaint as against it must be dismissed but with leave to amend so that plaintiff can name as defendants those individuals at Groveland who he claims denied him adequate medical care while at Groveland. First, to the extent plaintiff seeks to sue the Medical Staff at Groveland, it is effectively a suit against Groveland, which as a facility within DOCS, an agency of the State of New York, is not subject to suit under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Saxon v. Attica*

---

551 U.S. at 93-94 (citing *Twombly*, 550 U.S. at 555-56).

*Medical Dept.*, 468 F.Supp.2d 480, 483, n.3 (W.D.N.Y., 2007) (dismissing suit against Attica Medical Department); *Bryant v. New York State Dep't of Corr. Servs. Albany*, 146 F.Supp.2d 422 (S.D.N.Y.2001) (affirming the dismissal of a section 1983 claim against the DOCS and a correctional facility because Eleventh Amendment immunity abrogated the court's subject matter jurisdiction to hear the claim).

Second, in order to be liable under 42 U.S.C. § 1983, a defendant must have been personally involved in the alleged constitutional violation. *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). Plaintiff has not named any "members" of the Medical Staff at Groveland who he claims denied him adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs.") Accordingly, plaintiff's amended complaint must name as defendants those individuals at Groveland--*e.g.*, doctors, nurses, physicians assistants etc.--who he claims were personally involved in the alleged denial of medical care and allege facts sufficient to state a claim against them under *Farmer* and its progeny. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991) (the Eighth Amendment standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain.)

### B. Claims Against G. Krempasky, Deputy Superintendent, Security

While the complaint names G. Krempasky, Deputy Superintendent, Security at Groveland as a defendant there are scant allegations against him and when mentioned it appears to be only is his capacity as a supervisor. (Complaint, at 5, and Attachment/Exhibit–Memorandum, dated June 27, 2011.) As noted, in order to be subject to liability under § 1983, the defendant must have been personally involved in the alleged constitutional violation. *See Spencer*, 139 F.3d at 112 ; *see, e.g., Colon v. Couglin,*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). Because plaintiff is proceeding *pro se*, the Court will grant him permission to file an amended complaint against Krempasky in which he alleges factually how Krempasky was personally involved in any of the claims set forth in the complaint and specifically notes what claim or claims Krempasky was allegedly personally involved, if any. *See Abbas*, 480 F.3d at 639.

### C. Plaintiff's Due Process Claims

Plaintiff also alleges that he was denied due process in relation to the misbehavior report that was filed against him following the incident with Alstin on July 20, 2011, and the Hearing held on the misbehavior report. (Complaint, Attachment/Exhibit–Handwritten Statement; Docket No. 9, Motion Amend Amendment.) These claims must be dismissed, however, because plaintiff has no constitutional right to be free from false accusations, see *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988), and because he has failed to allege

a liberty interest sufficient to entitle him to procedural due process. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

While it is not entirely clear from the complaint and its attachments nor the documents plaintiff has filed subsequent to the complaint, it appears that plaintiff was sentenced to 60 days keeplock status following the Hearing. (Docket No. 9.) To the extent that plaintiff's complaint alleges that he was denied due process in violation of his constitutional rights, he must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996). Therefore, the Court must first determine whether plaintiff can establish a protected liberty interest, and, if plaintiff has not established such an interest, his cause of action must be dismissed. *See Frazier*, 81 F.3d at 317-318. In order to establish the existence of a protected liberty interest, plaintiff must (1) "establish that the confinement or restraint complained of creates an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life;'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Sandin*, 515 U.S. at 484), and (2) "establish that 'the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint,'" *id.* (quoting *Frazier*, 81 F.3d at 317).

In order to make this showing, a plaintiff must demonstrate that the conditions under which he was held in keeplock differed dramatically from the basic conditions of his incarceration. "After *Sandin*, in order to determine whether a prisoner has a liberty interest in avoiding disciplinary confinement, a court must examine the specific circumstances of the punishment." *Brooks v. DiFasi*, 112 F.3d 46, 49 (2d Cir. 1997). The circumstances that the

8

court must examine include "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and ... the duration of the disciplinary segregation imposed compared to discretionary confinement." *Wright v. Coughlin*, 132 F.3d 133, 136 (2d Cir. 1998). The Second Circuit has stated that "[t]he longest confinement in normal SHU conditions that we have ruled was not shown to meet the *Sandin* standard was 101 days." *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (quoting *Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999)). District Courts are "instructed . . . to develop detailed factual records 'in cases challenging SHU confinements of durations within the range bracketed by 101 days and 305 days.'" *Colon*, 215 F.3d at 232 (footnote omitted). However,

> in cases involving shorter periods of segregated confinement where the plaintiff has not alleged any unusual conditions, the district court need not provide such detailed explanation of its reasoning. For example, in *Arce v. Walker*, 139 F.3d 329 (2d Cir. 1998), [the Second Circuit] considered *Brooks* and *Miller [v.Selsky*, 111 F.3d 7, 9 (2d Cir. 1997)] and held that the district court had adequately specified its findings by stating that the confinement at issue in *Sandin* was 30 days, and that the 'combined effects of [the plaintiff's 18] day segregation plus exercise deprivation and verbal harassment' did not distinguish the plaintiff's circumstances from *Sandin*. *Id*. at 336 (quoting *Arce v. Walker*, 907 F.Supp. 658, 662 n. 3 (W.D.N.Y.1995))."

*Hynes v. Squillance*, 143 F.3d 653, 657 (2d Cir. 1998) (discussing *Brooks* and *Miller*). While there is not a bright line below which the Court need not consider the circumstances of the punishment, "the decisions in the Second Circuit are unanimous that keeplock or SHU confinement of 30 days or less . . . is not 'atypical or significant hardship' under *Sandin*." *Smart v. Goord*, 441 F.Supp.2d 631, 640 (S.D.N.Y.2006) (quoting *Williams v. Keane*, No. Civ. 95-0379(AJP)(JGK), 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997) (citing cases); *see also*,

*Pettus v. Geaver*, No. 04-CV-228 (LEK/DRH), 2007 WL 295313, at *2 (N.D.N.Y., January 10, 2007) ("although [plaintiff] contends that he was deprived of shower[s], recreation, toothbrush and toothpaste for 21 days, he has failed to demonstrate that given the limited period of deprivation, these conditions gave rise to a protected liberty interest") (citation and internal quotations omitted); *Williams v. Keane*, 1997 WL 527677 at *6 (citing thirty cases) (S.D.N.Y. August 25, 1997); *see also, e.g., Garcia v. Miller*, 201 F.3d 431 (2d Cir. 1999) (unpublished disposition); *Davis v. State of New York*, 1999 WL 1390247 at *3-4 (W.D.N.Y. December 14, 1999) (thirty days in keeplock with loss of telephone, commissary and package privileges); *Rodriguez v. McGinnis*, 1 F.Supp.2d 244, 248 (S.D.N.Y. 1998) (17 days in keeplock).

Moreover, keeplock confinement[4] is less restrictive than the SHU confinement imposed for thirty days in *Sandin*. *Sandin*, 515 U.S. at 475-76. While package, telephone and commissary privileges (which the Court presumes occurred herein) may be suspended, and the inmate is confined for 23 hours each day, the privileges of an inmate in disciplinary keeplock are not otherwise more limited than those of prisoners confined in keeplock for administrative detention or protective custody. *McIntosh v. Daddario*, 1998 WL 118156 at *4 (S.D.N.Y. March 17, 1998) (holding that inmate's disciplinary keeplock confinement for 45 days, with loss of package and phone privileges after inmate was found guilty of violating terms of work release program, did not implicate a liberty interest); *Reaves v. Williams*, 1997 WL 10132 at *5 (S.D.N.Y. January 10, 1997) (69 days served in keeplock, of a 90-day sentence); *and see Saulter v. Hanslmaier*, 1997 WL 177887, at *2 (S.D.N.Y. April 14, 1997) (taking into account fact that

---

[4]"Keeplock" is a form of housing restriction where an inmate is confined to his own cell for a period of time, deprived of participation in normal prison routine, and denied contact with other inmates. *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir.1989) (citing N.Y.Comp.Codes R. & Regs. tit. 7, § 251-1.6).

keeplock inmates were housed in cells identical to those used in general population, with greater freedom of movement than SHU).

Plaintiff does not claim that the duration of his sentence was affected by the outcome of his disciplinary hearing, or that the terms of his punitive confinement signaled a "dramatic departure" from the basic conditions of his sentence. Plaintiff's complaint contains no allegation that would indicate that his 60 day keeplock confinement was "atypical" or "significant," and therefore he has failed to state a due process claim. *See Garcia v. Miller*, 201 F.3d 431 (2d Cir. 1999) (no liberty interest established where plaintiff received seven-day and thirty-day terms of keeplock); *Principio v. McGinnis*, 2007 WL 2344872 (W.D.N.Y., Aug. 15, 2007) ("Because plaintiff was sentenced to 60 days of keeplock with loss of telephone, packages, recreation and conjugal visits, the length of his sentence was not atypical and his conditions were not so unusual as to rise above the Sandin threshold and, therefore, he has failed to state a due process claim."); *Barclay v. New York*, 2007 WL 806126, at *8 (N.D.N.Y., March 19, 2007) (90-day keeplock and loss of privileges without any evidence upon which a jury could find that keeplock confinement created an "a typical and significant deprivation" failed to establish a liberty interest); *Sullivan v. Schweikhard*, 968 F.Supp. 910, 913 (S.D.N.Y. 1997) (no protected liberty interest found where plaintiff was confined to keeplock for nine days).

Permitting plaintiff to amend his pleadings or holding a hearing to further develop the facts would not alter the nature of plaintiff's penalty. Leave to amend pleadings may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be

11

productive ... it is not an abuse of discretion to deny leave to amend."). Therefore the due process claim regarding the disciplinary hearing is dismissed with prejudice.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims against defendant Medical Staff, Groveland Correctional Facility and the due process claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff's inadequate medical care/deliberate indifference claims and claim or claims against Deputy Superintendent against Krempasky must be dismissed pursuant to 28 U.S.C. § 1915(e) unless plaintiff files an amended complaint by **May 15, 2012**, in which he sufficiently pleads the inadequate care/deliberate difference claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. As to the medical care claims, plaintiff must also name as defendants those individuals at Groveland who he claims were deliberately indifference to his medical needs.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims regarding the alleged denial of medical care/deliberate indifference and the claims against Deputy Superintendent Krempasky will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and service will be made of only the excessive force claim against Alstin and the failure to intervene claim against Lawrence.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against Medical Staff, Groveland Correctional Facilily, *see* n.1, *supra*, and those regarding a denial of due process are dismissed with prejudice and the Clerk of the Court is directed to terminate defendants Medical Staff and Groveland Correctional Facility as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his claims of an alleged denial of medical care/deliberate indifference and those against Deputy Superintendent Krempasky as directed above[5] by **May 15, 2012**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

---

[5]Plaintiff is reminded that he must also include in this amended complaint his claims against Alstin and Lawrence. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

13

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 15, 2012**, the claims alleging a denial of medical care/deliberate indifference and those against Deputy Superintendent Krempasky will be dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate Deputy Superintendent Krempasky as a party to this action; and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 15, 2012**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the excessive force and failure to intervene claims upon defendants Correctional Officers Alstin and Lawrence, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 12, 2012
Rochester, New York