*Issued July 1, 2011*

UNITED STATES DISTRICT COURT
WESTTERN DISTRICT DISTRICT OF NEW YORK

---

DAVID A MAROTTA,

                              Plaintiff,

    -against-

HELENA BATES, R.N., CRISTA SANDERS, N.A.,
MICHAEL CORNWALL, N.P., D. MEYER, R.N.,
and K. TARA, R.N.,

                              Defendants.

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE PURSUANT TO RULE 41(A)**

Civil Action No. 11-CV-00691

---

    WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

    WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

    WHEREAS, the NEW YORK STATE DEPARTMENT OF CORRRECTIONS AND COMMUNITY SUPERVISION, as the Agency having supervision of HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., and K. TARA, R.N., alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

    WHEREAS, defendants HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., and K. TARA, R.N. do not admit any wrongdoing but approves settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all of the parties in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment of the sum of **FIVE HUNDRED DOLLARS ($500.00),** discontinued with prejudice as to defendants HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., and K. TARA, R.N. Payment shall be made by check(s) payable to the order of the plaintiff, DAVID A. MAROTTA and the plaintiff's attorney, MARK COLLINS, ESQ., **AS ATTORNEY** in the sum of **FIVE HUNDRED DOLLARS ($500.00)** and sent to the plaintiff's attorney, MARK COLLINS, ESQ. at 202 MAIN STREET, HAMUBRG, NEW YORK 14075.

2. In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., and K. TARA, R.N. and any and all current of former employees of the NEW YORK STATE DEPARTMENT OF CORRRECTIONS AND COMMUNITY SUPERVISION, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and the NEW YORK STATE DEPARTMENT OF CORRRECTIONS AND COMMUNITY SUPERVISION, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to

claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

3. In further consideration of the payment of the sum(s) set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., and K. TARA, R.N. and any and all current of former employees of the NEW YORK STATE DEPARTMENT OF CORRRECTIONS AND COMMUNITY SUPERVISION, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and the NEW YORK STATE DEPARTMENT OF CORRRECTIONS AND COMMUNITY SUPERVISION, from any and all claims, known or unknown, arising out of the plaintiff(s) Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required under paragraphs 12 and 13 hereof, unless the provisions of Executive Law § 632-a apply to the plaintiffs and the payment hereunder constitutes "funds of a

convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff.

7. That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8. That nothing contained herein shall constitute an admission by HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., or K. TARA, R.N., individually or in his/her/their official capacity, that deprived the plaintiff, DAVID A. MAROTTA, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

10. I, the attorney, for the plaintiff do hereby release and waive our lien for services upon the above-named plaintiff's causes of action, claim, verdict, report, judgment,

determination, or settlement in favor of said plaintiff which I have thereon under and by virtue of Section 475 of the Judiciary Law or otherwise.

11. I, the attorney for the plaintiff, do further represent that there are no other attorneys having a lien for services rendered to plaintiff pursuant to the provisions of Section 475 of the Judiciary Law or otherwise.

12. Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he/she/they does not expect to be a Medicare recipient within the next 30 months.

13. That plaintiff agrees that the HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., or K. TARA, R.N., the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that both plaintiff DAVID A. MAROTTA and his attorney agree that they will defend, indemnify and hold harmless the HELENA BATES, R.N., CRISTA SANDERS, N.A., MICHAEL CORNWALL, N.P., D. MEYER, R.N., or K. TARA, R.N., the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

14. In confirmation of the agreement herein, the undersigned attorneys for the parties to this action set their signatures below.

Dated: Hamburg, New York
       March 22, 2016

                                       MARK COLLINS, ESQ.
                                       *Attorney(s) for the Claimant(s)*
                                       Office and P.O. Address
                                       202 Main Street
                                       Hamburg, New York 14075

                          By: _____
                                    MARK COLLINS, Esq.


Dated: BUFFALO, NEW YORK
       March 15, 2016
       April
                                       ERIC T. SCHNEIDERMAN
                                       Attorney General of the
                                          State of New York
                                       *Attorney for the Defendant*
                                       New York State Office of the
                                          Attorney General
                                       350 Main Street, Suite 300A
                                       Buffalo, New York 14202

                          By: _____
                                    TIMOTHY J. FLYNN
                                    Assistant Attorney General


Dated:

SO ORDERED:                     _____  4-18-16
                                 Hon. ELIZABETH A. WOLFORD
                                 United States District Court Judge